UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ARLEYN S. PEYRE
and other similarly situated individuals,

    Plaintiff (s),

v.

PERFECT B, LLC,
a/k/a PERFECT B AESTHETIC MEDICINE
and RAFAEL SILVA, individually

    Defendants

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, ARLEYN S. PEYRE, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants PERFECT B, LLC, a/k/a PERFECT B AESTHETIC MEDICINE, and RAFAEL SILVA, individually, and alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff ARLEYN S. PEYRE is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant PERFECT B, LLC, a/k/a PERFECT B AESTHETIC MEDICINE (hereinafter PERFECT B, or Defendant) is a Florida corporation having a place of business in Miami- Dade County, within the jurisdiction of this Honorable Court. Defendant is a med spa specializing in Aesthetic medicine. Defendant employed Plaintiff. During all periods set forth herein, this Defendant was the "employer" of Plaintiff within the meaning of the FLSA. At all times, Defendant was and is engaged in interstate commerce.

4. The individual Defendant RAFAEL SILVA is the owner/partner/officer and manager of Defendant Corporation PERFECT B. This individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. This cause of action is brought by Plaintiff ARLEYN S. PEYRE as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after September 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. The employer PERFECT B was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a med spa specializing in Aesthetic medicine. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources,

accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

7. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a marketing employee and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce and otherwise satisfy the requirements of the FLSA. Therefore, there is individual coverage.

8. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

9. Plaintiff ARLEYN S. PEYRE re-adopts every factual allegation stated in paragraphs 1-8 above as if set out in full herein.

10. Defendants PERFECT B and RAFAEL SILVA employed Plaintiff ARLEYN S. PEYRE as a non-exempted, full-time, hourly employee from approximately September 29, 2021, to June 22, 2022, or 30 weeks.

11. Plaintiff had duties as a marketing and social media employee.

12. During the relevant time of employment, Plaintiff was paid an hourly wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

13. While employed with Defendants, Plaintiff worked overtime hours that were not paid to her at any rate, not even at the minimum wage rate, as required by law.

14. Plaintiff had a regular schedule. Plaintiff worked 5 days from Monday to Friday for 40 hours or more. Sometimes Plaintiff worked at the office more than 40 hours, but she was paid for her on-the-clock regular and overtime hours.

15. However, Defendant failed to count certain hours worked by Plaintiff as compensable hours.

16. On Saturdays, Plaintiff worked at home for a minimum of 4 hours, and on Sundays, she worked a minimum of 2 hours. Plaintiff worked every week a minimum of 6 off-the-clock hours. These 6 off-the-clock hours represent 6 unpaid overtime hours. Plaintiff did not receive compensation for 6 overtime hours weekly at any rate, not even at the minimum wage rate as required by law.

17. Consequently, Defendants failed to pay Plaintiff a total of 6 overtime hours weekly during her time of employment.

18. Plaintiff clocked in and out through a computer and phone application, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants required Plaintiff to work off-the-clock hours, and they knew about the total number of compensable hours worked by Plaintiff.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid bi-weekly with direct deposits and paystubs that did not reflect the actual number of days and hours worked.

21. On or about June 29, 2022, Plaintiff was terminated from her employment due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC)

22. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

23. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

a. <u>Total amount of alleged unpaid wages</u>:

      Four Thousand Eight Hundred Sixty Dollars and 00/100 ($4,860.00)

b. <u>Calculation of such wages</u>:

    Total time of employment: 30 weeks
Total relevant weeks of employment: 30 weeks
Off-the-clock hours worked: 6 hours weekly
Unpaid O/T hours: 6 off-the-clock O/T hours
Wage rate: $18.00 x 1.5=$27.00
OT/ rate: $27.00

      O/T $27.00 x 6 O/T hours =$162.00 weekly x 30 weeks=$4,860.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid overtime hours.

25. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

26. At times mentioned, individual Defendant RAFAEL SILVA was and is now the owner/partner and manager of PERFECT B. Defendant RAFAEL SILVA was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in PERFECT B's interest concerning its employees, including Plaintiff and others similarly situated. Defendant RAFAEL SILVA had financial and operational control of the business, provided Plaintiff with her work schedule, and is jointly and severally liable for Plaintiff's damages.

27. Defendants PERFECT B and RAFAEL SILVA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARLEYN S. PEYRE and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ARLEYN S. PEYRE and other similarly situated individuals and against the Defendants PERFECT B and RAFAEL SILVA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ARLEYN S. PEYRE, actual damages in the amount shown to be due

for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ARLEYN S. PEYRE demands a trial by jury of all issues triable as right by jury.

DATED: August 19, 2022,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*